FILED

October 2, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 7:33 AM



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | |
|---|---|
| Hongwei Zhu,<br>   Employee,<br>v.<br><br>Great China Supermarket,<br>   Uninsured Employer. | ) Docket No.: 2016-08-1235<br>)<br>)<br>) State File No.: 84089-2016<br>)<br>)<br>) Judge Robert Durham<br>)<br>)<br>) |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS AND DENYING TEMPORARY DISABILITY BENEFITS
### (Decision on the Record)

---

This case came before the undersigned Workers' Compensation Judge on Mr. Zhu's Request for Expedited Hearing to determine if Great China Supermarket is subject to Workers' Compensation Law and obligated to pay for past and future medical treatment as well as temporary total disability benefits for an alleged October 25, 2016 left ankle injury. Mr. Zhu requested the Court rule based on a review of the file, and Great China did not object.

On September 21, 2017, the Court sent a Docketing Notice to the parties regarding the contents of its record. Neither party objected to the Court considering any of the records listed in the Docketing Notice. The Court concludes it needs no further information to make its judgment. The Court holds Mr. Zhu provided sufficient evidence at this time to establish he is likely to prevail at a hearing on the merits with regard to past and future medical treatment with Dr. James Robinson but not as to temporary disability benefits.

### History of Claim

Mr. Zhu worked for Great China. He asserted that, at the time, Great China employed more than five persons but did not have workers' compensation insurance. Great China did not dispute that it did not have insurance.

1

Through affidavits, Mr. Zhu stated that, on October 25, 2016, between eleven a.m. and noon, he twisted his left ankle due to the "unrepaired floor" in his work area. Mr. Zhu provided photographs of the area where the incident purportedly took place, which appears to be a worn, uneven concrete floor. The incident caused some swelling but little initial pain. He reported the injury to his supervisor and continued working.

The next morning at work, Mr. Zhu suffered increased pain and swelling in his ankle. He advised his supervisor, who did not offer any medical care but directed a co-worker to take him home. Later that day, Mr. Zhu received unauthorized treatment from Dr. James Robinson. Dr. Robinson diagnosed him with a slight fracture and ankle sprain. He placed Mr. Zhu in an ankle brace, ordered physical therapy, and took him off work until November 1. On October 31, Great China terminated Mr. Zhu, claiming he did not injure his ankle at work since he did not appear injured on surveillance video.

Mr. Zhu underwent two physical therapy sessions before stopping due to lack of funds. He returned to Dr. Robinson on November 9 and January 4, 2016. Although Mr. Zhu did not provide records from his visits, Dr. Robinson wrote a note on January 4 stating Mr. Zhu suffered a sprain and inversion injury consistent with his described work injury. He further stated it was "not uncommon" for ankle sprains to hurt worse the day after the injury.

Great China offered surveillance footage of Mr. Zhu for October 25 and 26.[1] Great China also produced unsworn statements from Wandy Lam, one of the owners of Great China, regarding the incident. It additionally offered a note from a former employer indicating Mr. Zhu quit there after a few days due to an argument with a co-worker. Great China further produced a note from the translator who accompanied Mr. Zhu to Dr. Robinson's office, noting that he saw Mr. Zhu some days later without his ankle brace and Mr. Zhu told him he only wore it when his ankle hurt.[2]

Finally, on September 27, 2017, Great China provided a document apparently listing its employees for each month of 2016. The document lists three individuals as "officers" and then includes a list of other names for each month with the most cited as four and the least cited as one. The list only includes two for October 2016.

The Bureau received Mr. Zhu's Petition for Benefit Determination on December 22, 2016, within sixty days of his asserted injury.

---

[1] While the Court did not review all of the surveillance video provided, it did attempt to review video taken at the asserted time of the incident as well as some video for that afternoon and the following day, although the video did not play properly, and in some instances, would not play at all.

[2] All of these records constitute hearsay, and Mr. Zhu raised valid objections to their admission. Therefore, the Court did not consider them.

## Findings of Fact and Conclusions of Law

Mr. Zhu has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, since this is an expedited hearing, he must only come forward with sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits in order to meet his burden. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

### *Application of Workers' Compensation Law*

Tennessee Code Annotated section 50-6-103 provides that every employer is subject to Workers' Compensation Law unless certain exemptions apply. An employer is defined as any legal entity using the services of not less than five persons for pay. Tenn. Code Ann. § 50-6-102(13).

Great China provided a list of employees throughout 2016, apparently as proof that it employed fewer than five people at the time of Mr. Zhu's asserted injury. However, Great China provided this list on September 27, well after the Court's Docketing Notice to the parties identifying the record and stating the Court would not entertain new evidence in making its decision. For that reason and the fact that the list constitutes hearsay, the Court rules the list inadmissible.

However, even if the Court did consider the list, the Court holds Mr. Zhu is still likely to prevail on the issue. The list includes three "officers" as well as a number of other employees, including two listed for October. Tennessee Code Annotated section 50-6-104(e) states that the number of employees to be considered in determining whether an employer has five employees is not to be reduced by corporate officers who have elected to exempt themselves from the workers' compensation law. Here, Great China offered no evidence that those individuals listed as "officers" ever chose to exempt themselves, and even if they had, they would still be counted as employees under 50-6-104. As a result, the Court holds Great China had five or more employees during the relevant time period and is therefore subject to the Workers' Compensation Law despite the fact that it held no insurance on October 25, 2016.

### *Causation*

Great China's primary argument against causation is its contention that Mr. Zhu did not appear to be in pain in the surveillance video. However, Great China offered no evidence to counter Mr. Zhu's assertion that the floor was broken and uneven or that he told his supervisor that afternoon that he twisted his ankle. Further, Dr. Robinson noted Mr. Zhu's injury was consistent with his account of the accident and it was not unusual

3

for an ankle injury to hurt more the day after it occurs. Therefore, the Court holds Mr. Zhu provided sufficient evidence to establish his likelihood of proving his ankle injury arose primarily out of and in the course and scope of his employment on October 25, 2016. *See* Tenn. Code Ann. 50-6-102(14).

*Medical Benefits*

Mr. Zhu sought medical treatment from Dr. Robinson without Great China's authorization. Whether an employee is justified in seeking payment for unauthorized medical expenses from an employer depends upon the circumstances of each case. *See Hackney Integrity Staffing Solutions,* 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *8-9 (July 22, 2016). Here, Great China knew that Mr. Zhu claimed a work-related ankle sprain sufficiently severe to require him to leave work, yet it did not offer any medical care as required by law. Moreover, upon receipt of Dr. Robinson's note taking him off work, Great China terminated Mr. Zhu on the grounds that he did not actually injure his ankle at work. This action forced Mr. Zhu to continue treating with Dr. Robinson on his own.

An employer who denies all liability for an accident and injury bears the risk of being responsible for medical expenses incurred by the employee should the Court find the claim compensable. *Barrett v. Lithko Contracting, Inc., et al.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 93, at *8 (Dec. 8, 2016). Thus, the Court holds Great China shall pay the reasonable and necessary expenses Mr. Zhu incurred for treatment with Dr. Robinson for the work-related injury. Further, Great China shall pay for ongoing reasonable and necessary medical treatment with Dr. Robinson for Mr. Zhu's ankle injury.

*Temporary Total Disability Benefits*

In order to receive temporary total disability benefits, Mr. Zhu must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Const. Co., Inc., et al.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). Tennessee Code Annotated section 50-6-205(a) further provides that "[n]o compensation shall be allowed for the first seven (7) days of disability resulting from the injury, excluding the day of injury[.]"

The only medical evidence regarding disability is Dr. Robinson's October 26 note taking Mr. Zhu off work until November 1. Given that this constitutes fewer than seven days of disability, the Court holds Mr. Zhu has not established he is likely to prevail on the issue of temporary total disability benefits at this time.

4

Although this Court holds Great China must provide Mr. Zhu with past and ongoing medical benefits, it is unclear whether payment will occur since Great China did not have workers' compensation insurance at the time of the accident. Under Tennessee Code Annotated section 50-6-802(e)(1), however, the Bureau has discretion to pay limited temporary disability and medical benefits to employees who have established medical causation of their injury and meet the following criteria:

(1) The employee worked for an employer who failed to carry workers' compensation insurance;
(2) The employee suffered an injury primarily arising in the course and scope of employment after July 1, 2015;
(3) The employee was a Tennessee resident on the date of the injury; and
(4) The employee provided notice to the Bureau of the injury and the employer's failure to provide workers' compensation insurance no more than sixty days after the injury occurred.

Tenn. Code Ann. § 50-6-801(d)(1)-(4).

Based on the documents in the record, the Court finds:

(1) Great China failed to carry workers' compensation insurance, although the law obligated it to do so;
(2) Mr. Zhu suffered an injury arising primarily out of and in the course and scope of employment after July 1, 2015;
(3) Mr. Zhu was a Tennessee resident on October 25, 2016, the date of the injury;
(4) Mr. Zhu provided notice to the Bureau of the injury of Great China's failure to provide workers' compensation insurance within sixty days after the injury occurred; and,
(5) Mr. Zhu is entitled to past and ongoing medical benefits.

IT IS, THEREFORE, ORDERED that:

1. Great China shall pay Mr. Zhu's reasonable and necessary medical expenses through Dr. Robinson's treatment of his work-related ankle injury and shall further pay for any reasonable and necessary treatment Dr. Robinson may recommend.

2. Mr. Zhu is eligible to receive medical benefits from the Uninsured Employer's Fund under Tennessee Code Annotated section 50-6-801, *et seq.* The clerk shall forward a copy of this order to the Administrator for consideration of payment.

3. Great China is not required to pay any temporary disability benefits at this time.

4. This matter is set for a Scheduling Hearing on November 14, 2017, at 9:30 a.m. C.S.T. The parties or their counsel must call 615-253-0010 or toll-free at 855-689-9049 to participate in the hearing. Failure to call may result in a determination of the issues without your participation.

5. Unless appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED THIS THE 2nd DAY OF OCTOBER, 2017.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

6

# APPENDIX

Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Great China's Position Statement

Exhibits

1. Medical records and bills of Dr. James Robinson
2. Photographs of worksite
3. Video surveillance
4. Statement of Jimmy So
5. Statement of Dr. Howard Chuang
6. Statement of Wandy Lam
7. Mr. Zhu's affidavits
8. List of Employees for Great China in 2016

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 2nd day of October, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Skip Carnell | | | X | injury@memphislaw.com |
| Bill Walk | | | X | bwalk@pcplc.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

7